Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.**, *a South Dakota Corporation*,<br><br>                        **Plaintiff**,<br><br>      v.<br><br>**GODAVARI LODGING, LLC,** *an Arizona Limited Liability Company*; **RAMESH BHAKTA,** *an Individual*; and **KASHMIRA BHAKTA,** *an Individual*,<br><br>                        **Defendants.** | Civil No. 2:19-cv-17930 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion (D.E. No. 12) of Plaintiff Super 8 Worldwide, Inc. ("Super 8") for default judgment against Defendants Godavari Lodging, LLC ("Godavari"), Ramesh Bhakta, and Kashmira Bhakta (together, "Individual Defendants," and with Godavari, "Defendants"). Super 8 alleges that Godavari breached a franchise agreement governing the operation of a Super 8 hotel and that the Individual Defendants breached their guaranty of that agreement. As set forth below, the motion is **GRANTED**.

**I.     Background**

The complaint alleges as follows. Super 8 is a South Dakota corporation with its principal place of business in New Jersey. (D.E. No. 1, ("Compl.") ¶ 1). Godavari is an Arizona limited liability company with its principal place of business in Laveen, Arizona. (*Id.* ¶ 2). The Individual Defendants, who are the only members of Godavari, reside and are citizens of Laveen, Arizona. (*Id.* ¶¶ 3–5.) On December 15, 2011, Super 8 and Godavari entered into a franchise agreement for

the operation of a 40-room lodging facility located in Benson, Arizona, under the "Super 8" brand, for a twenty-year term, as well as a subscription agreement that provided Godavari "access to and use of certain computer programs, applications, features and services." (*Id*. 10–12 & Exs. A, B). On behalf of Godavari, the Individual Defendants personally guaranteed payments and performance under the franchise agreement. (*Id*. ¶¶ 21–23 & Ex. C). Under the terms of the agreements, Godavari and the Individual Defendants, as guarantors, agreed to make certain payments to Super 8. (*Id*. ¶¶ 13, 21.) In the event payments became "past due," an interest fee of 1.5 percent per month would incur. (*Id*. ¶ 14.)

The franchise agreement permitted Godavari to terminate with proper notice and under two scenarios: (1) discontinued operation of the lodging facility as a Super 8, or (2) lost possession or right of possession of the lodging facility. (*Id*. ¶ 18). However, in the event of early termination, Defendants agreed to pay liquidated damages. (*Id*. ¶¶ 19 & 33).

Super 8 alleges that on August 1, 2018, Godavari unilaterally terminated the franchise agreement by selling the facility to a third party without Super 8's prior consent. (*Id*. ¶ 24–25). Super 8 acknowledged the termination through its letter to Godavari on September 21, 2018. (*Id*. ¶ 25 & Ex. D). The letter demanded liquidated damages, outstanding recurring fees, and early termination costs and fees. (*Id*.).

Super 8 filed suit on September 12, 2019, against Defendants, invoking federal diversity jurisdiction. (*Id*. ¶ 6.) Its complaint asserts claims for an accounting from inception through the termination of the franchise agreement (count 1, against Godavari); breach of contract for Godavari's failure to pay liquidated damages upon termination of the franchise agreement (count 2, against Godavari); in the alternative to count two, breach of contract, seeking actual damages for premature termination of the agreement (count 3, against Godavari); breach of contract for

Godavari's failure to remit recurring fees (count 4, against Godavari); unjust enrichment, also for Godavari's failure to remit recurring fees (count 5, against Godavari); and breach of the guaranty by the Individual Defendants (count 6, against the Individual Defendants).

Defendants were timely served on October 31, 2019. (D.E. No. 4). Defendants did not ultimately file a response to the complaint and have not otherwise taken any action to defend this case. Default was entered against them on February 5, 2020. (*See* D.E. No. 5).

Super 8 subsequently filed its motion, which is unopposed, for default judgment against Defendants. (D.E. No. 12; *see also* D.E. No. 12-5 ("Letter Brief").) In support of its motion, Super 8 submitted a certification of counsel (D.E. No. 12-1), and an affidavit of Suzanne Fenimore, the senior director of contracts compliance for Super 8 (D.E. No. 12-3 ("Fenimore Aff.")). Super 8 seeks a judgment in the amount of $151,846.25, representing $108,285.65 in liquidated damages plus $43,560.60 in recurring fees (comprising principal plus prejudgment interest).

## II. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute

a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535–36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendants were properly served. *See Super 8 Worldwide, Inc. v. Mahesh, Inc.*, No. 18-16336, 2019 WL 3244878, at *3 (D.N.J. July 19, 2019).

### III.     Analysis

Here, the Court has subject matter jurisdiction in view of the parties' complete diversity and the amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Defendants consented to personal jurisdiction in this Court by virtue of their assent to the franchise agreement's forum-selection clause. *See Nat'l Equip. Rental, Ltd. v. Szukhert*, 375 U.S. 311, 316 (1964) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court."). Super 8 properly served all parties on October 31, 2019, serving Godavari through its authorized agent, Ramesh Bhakta, *see* Fed. R. Civ. P. 4(h); Kashmira Bhakta through his spouse, Ramesh Bhakta, at their usual place of abode, *see* Fed. R. Civ. P. 4(e)(2); and Ramesh Bhakta personally, *see id.* Defendants never answered or otherwise responded to the complaint, and the Clerk of the Court entered default against them. The threshold requirements for default judgment thus have been met.

Super 8 has also stated a claim for breach of contract against Godavari and the Individual Defendants for breaching the franchise agreement and guaranty, respectively. To state a claim for breach of contract under New Jersey law, a plaintiff must establish "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *Jackson Hewitt Inc. v. Gleason*, No. 13-0510, 2013 WL 6384650, at *1 (D.N.J. Dec. 6, 2013). Accepting Super 8's allegations as true, Godavari had a valid contract with Super 8 to "operate a Super 8® guest lodging facility for a twenty-year term" and make "certain periodic payments." (Compl. ¶¶ 12–13). And the Individual Defendants personally guaranteed Godavari's payment and performance upon default under the franchise agreement. (*Id.* ¶¶ 21–23). Godavari unilaterally terminated the franchise agreement by selling the facility to a third party without Super 8's prior consent, failing to pay liquidated damages, and failing to pay various fees required of it under the franchise agreement; and the Individual Defendants did not make payments or perform under the franchise agreement as guaranteed upon Godavari's default. (Fenimore Aff. ¶¶ 17–19, 24–26). Moreover, no meritorious defense is evident from the record. Indeed, because Defendants did not respond to Super 8's complaint, the Court "assumes that [they] have no litigable defenses available." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-0896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012).

The remaining factors weigh in favor of granting default. Super 8 has been prejudiced by Defendants' failure to appear because it has been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding prejudice because the plaintiff "has no other means of seeking damages for the harm allegedly caused by Defendant"). And "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's culpability in [the] default.'" *Travelodge Hotels, Inc. v. Seaside*

*Hosp., LLC*, No. 15-5595, 2016 WL 5899281, at *4 (D.N.J. Oct. 6, 2016) (quoting *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, No. 11-0624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011)). On this record, "[t]here is no evidence . . . that defendants' failure to respond to plaintiff's complaint was caused by anything other than defendants' own culpability and willful negligence." *Ramada Worldwide*, 2012 WL 924385, at *5. Accordingly, this Court finds that default judgment is proper.

With respect to damages, Super 8 seeks of $151,846.25, the combined amount for recurring fees, liquidated damages, and interest. (Letter Brief at 6–7.) As to liquidated damages, Super 8 specifically seeks $108,285.65. That amount represents $80,000.00—grounded in § 12.1 of the franchise agreement, which sets the liquidated damages rate at $2,000 per guest room that Godavari was authorized to operate at the time of the termination (40)—and $28,285.65 in interest—grounded in § 7.3 of the franchise agreement, which sets at a rate of 1.5 percent per month. (*See* Fenimore Aff. ¶ 26–27). As to recurring fees, Super 8 seeks $43,560.60, which it proves Defendants owe through an itemized statement setting forth the basis for the amount. (*See id.* ¶ 19 & Ex. E.)

**IV.   Conclusion**

For the foregoing reasons, the Court **GRANTS** Super 8's motion (D.E. No. 12) for default judgment against Defendants. An appropriate Order and Judgment will follow.

Date: March 10, 2021

*/s/Esther Salas*
Esther Salas, U.S.D.J.